UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANA MOUWAKEH,<br><br>             Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>             Defendants. | Case No.:  15-CV-2372 W (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. 17]; AND**<br><br>**(2) DENYING DEFENDANTS' MOTION TO STRIKE [DOC. 17]** |

  Pending before the Court is Defendants' motion to dismiss and to strike portions of the First Amended Complaint ("FAC").  [Doc. 17.]  The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).  For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss and **DENIES** Defendants' motion to strike.

//
//
//
//

## I. BACKGROUND

Plaintiff Bana Mouwakeh filed this action on October 10, 2015. [Doc. 1.] The FAC alleges that during an October 11, 2013 traffic stop, she reached her hand out of her car and towards one of three sheriff's deputies. (*FAC* [Doc. 16] ¶¶ 20, 24–25.) The deputies removed Mouwakeh from the car, took her to the ground, and handcuffed her. (*Id.*) She alleges that she suffered severe injuries and was later arrested. (*Id.* [Doc. 16] ¶¶ 25–26.)

The FAC alleges that the deputies retaliated against her for exercising her First Amendment rights (*FAC* [Doc. 16] ¶¶ 46–50), and that they, Sheriff Bill Gore, and their employer the County of San Diego all violated 42 U.S.C. § 1983. (*FAC* [Doc. 16] ¶¶ 30–45, 51–85.)

## II. LEGAL STANDARD

### A.  Motion to Dismiss

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted

1  as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556
2  U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).
3      Well-pled allegations in the complaint are assumed true, but a court is not required
4  to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable
5  inferences.  See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State
6  Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### B.    Motion to Strike

Under Federal Rule of Civil Procedure 12(f), the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial[.]" Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." California Dep't of Toxic Substances Control v. Alco Pac., Inc., 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002).  Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings.  See Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979); see also Fed. R. Civ. P. 15(a)(2).

//
//
//
//
//
//
//
//
//

III. **DISCUSSION**

    A.    **Motion to Dismiss**

        1.    **Municipal Liability**

Defendants move to dismiss Plaintiff's fourth, fifth, and sixth causes of action[1] on the ground that they do not sufficiently allege that the deputies' actions were the result of municipal policy, as required by Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

"A municipality may not be held liable under [42 U.S.C. § 1983] solely because it employs a tortfeasor." Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (referencing Monell, 436 U.S. at 689–92). Instead, a plaintiff seeking to establish municipal liability under § 1983 must prove that his or her injury was the result of a municipal policy or custom. Id. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Id. at 403–04.

> In order to establish liability for governmental entities under Monell, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."

Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir.1997)). "Failure to train may amount to a policy of 'deliberate indifference,' if the need to train was obvious and the

---

[1] Plaintiff appears to separate some theories of liability into their own distinct causes of action. (*See, e.g.*, *FAC* [Doc. 16] ¶¶ 30–34 (for violation of section 1983 against Defendants Dunning and Rosas for "[u]nlawful [s]eizure, [a]rrest, and [d]etention), 35–45 (for violation of section 1983 for "[e]xcessive [f]orce" against Defendants Rosas, Dunning, and Rogers).)

4

failure to do so made a violation of constitutional rights likely." Id. (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989).

### a) Plaintiff's Fourth Cause of Action—Municipal Liability Generally

The fourth cause of action alleges a § 1983 claim pursuant to Monell against the municipal defendants without specifying a particular municipal policy or practice. (*See FAC* [Doc. 16] ¶¶ 51–60.) It appears to rely on its incorporation of paragraph 12, in the FAC's introduction, to allege a theory of liability.

Paragraph 12 of the FAC contains six theories of municipal liability. Five of these are little more than conclusory charges of wrongful policies, unsupported by any allegations of fact at all. (*See, e.g.*, *id.* [Doc. 16] ¶¶ 12 a. (alleging, without more, a policy of "[s]ubjecting citizens to unreasonable and outrageous seizures of their persons"), 12 c. (alleging, without more, a policy of "[f]ailing to adequately train, supervise, and control police officers in the arts of law enforcement), 12 d. (alleging, without more, a policy of "[f]ailing to adequately discipline police officers involved in misconduct"), 12 e. (alleging, without more, a policy of "[c]ondoning and encouraging police officers in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity and that such conduct will not adversely affect their opportunities for promotion and other employment benefits"), 12 f. (alleging, without factual support, a "pattern or practice [on the part of Sheriff Gore] of not obtaining timely reports from deputies involved in misconduct and allowing deputies to collaborate with each other and supervisors when writing incident reports . . . .").) Without any factual allegations to support these theories or to connect them to this incident,[2] the Court cannot

---

[2] The fourth cause of action alleges in a conclusory fashion that a custom and practice, presumably one of those alleged in paragraph 12, "was the moving force behind . . . deputy Defendants' violation of Plaintiff's rights that occurred on October 11, 2013." (*FAC* [Doc. 16] ¶ 54.)

draw a plausible inference that any one of them was the moving force behind a violation of Plaintiff's rights.  See Iqbal, 556 U.S. at 678; Dougherty, 654 F.3d at 900.

By contrast, the second subparagraph in paragraph 12, which alleges a policy of "[s]electing, retaining, and assigning deputies with demonstrable propensities for excessive force, violence, and other misconduct[,]" contains about two pages of alleged misconduct over the past fifteen years. (*See FAC* [Doc. 16] ¶ 12 b.)  Sheriff Gore appears in this lengthy and undivided subparagraph several times.  But none of the deputy defendants do, with the exception of Rosas, who appears only in connection with an event that took place in April of 2015—eighteen months after the incident at issue in this case. (*See id.*)  There is no allegation that this alleged policy caused these particular deputies to be "select[ed], retain[ed], [or] assign[ed]" prior to the incident.  As a result, it does not appear plausible that the policy alleged in subparagraph 12 b. of the FAC was the moving force behind a violation of Plaintiff's rights. (*See id.*)  See Iqbal, 556 U.S. at 678; Dougherty, 654 F.3d at 900.

In short, Plaintiff's fourth cause of action does not state a plausible theory of municipal liability.  Accordingly, Defendants' motion to dismiss Plaintiff's fourth cause of action will be granted with leave to amend.

### b) **Plaintiff's Fifth Cause of Action—Municipal Liability for Failure to Train**

Plaintiff's fifth cause of action also alleges municipal § 1983 liability.  (*FAC* [Doc. 16] ¶¶ 61–71.)  But unlike the fourth, the fifth alleges two coherent theories—that Sheriff Gore and other municipal defendants "failed to provide adequate training to their deputies" on arresting without probable cause, and on using appropriate force to effectuate an arrest.  (*Id.*)

Plaintiff physically reached out of a vehicle towards a deputy during a traffic stop. (*See FAC* [Doc. 16] ¶ 24.)  As such, it does not appear plausible that a failure in probable cause training was the moving force behind a violation of her rights through wrongful

arrest. (*See* FAC [Doc. 16] ¶ 63.) See Iqbal, 556 U.S. at 678; Dougherty, 654 F.3d at 900. Yet given the extent and severity of Plaintiff's alleged injuries relative to the potential threat she likely posed to deputies (*see* FAC [Doc. 16] ¶ 25), her allegations of a failure to train on the appropriate application of force states a claim for municipal violation of § 1983 that is plausible on its face. See Twombly, 550 U.S. at 570; Dougherty, 654 F.3d at 900.

Defendants' motion to dismiss Plaintiff's fifth cause of action will be denied.

### c)   Plaintiff's Sixth Cause of Action—Municipal Liability for "Failure to Discipline"

The sixth cause of action would appear to be grounded in a failure to discipline relevant deputies after the incident at issue. (*See* FAC [Doc. 16] ¶ 78.) It is unclear how this later failure could have caused a violation that had already taken place at the time. See Brown, 520 U.S. at 404 (requiring a causal link between a municipal action and a violation). Although captioned as a § 1983 claim for failure to supervise and discipline, this cause of action appears to allege municipal liability through ratification of the deputy defendants' conduct by Sheriff Gore. (*See id.* [Doc. 16] ¶ 81 (alleging that municipal defendants ratified the deputies' conduct by not disciplining them after the fact and by not advising prosecutors that the facts stated in the deputies' reports were false).)

To establish municipal § 1983 liability based on ratification, "a plaintiff must prove that the 'authorized policymakers approve a subordinate's decision and the basis for it.'" Christie v. Iopa, 176 F.3d 1231, 1239 (9th Cir. 1999) (quoting City of St. Louis v. Prapotnik, 485 U.S. 112, 127 (1988)). A single decision can constitute official ratification of a subordinate's conduct, but there must be enough allegations of fact to give rise to a plausible inference that the lack of discipline of the deputies in question was the result of a "conscious, affirmative choice[.]" See Gillette v. Delmore, 979 F.2d 1342, 1347 (9th Cir. 1992); Iqbal, 556 U.S. at 678. There are no facts alleged to support such an inference here as to Sheriff Gore's inaction after the fact. Plaintiffs allege only that

7

Gore and other municipal defendants "were, or should have been, aware that . . . policy regarding supervision and discipline . . . was . . . inadequate." (*See id.* [Doc. 16] ¶ 80.) Plaintiff does not allege any facts to support this conclusion—to show that municipal defendants knew or should have known about the contents of the deputies' reports, or about this incident.

Defendants' motion to dismiss Plaintiff's sixth cause of action will be granted with leave to amend.

### 2. Plaintiff's Third Cause of Action—First Amendment Retaliation

Defendants contend that Plaintiff's third cause of action, for retaliation against her for exercise of her First Amendment rights, must be dismissed because the facts alleged do not support an inference of retaliation. (*See Defs.' Mot.* [Doc. 17-1] 12:12–13:20.)

The introductory portion of the FAC alleges that during a traffic stop, Plaintiff asked Defendant Rosas to provide her with his name and badge number. (*FAC* [Doc. 16] ¶ 23.) She alleges that when the deputy did not immediately respond, she physically reached out of her car window towards the sheriff's deputy "to uncover [the deputy's] badge." (*See id.* [Doc. 16] ¶ 24.) At this point, deputies allegedly injured her by removing her from the vehicle by force and bringing her to the ground to handcuff her. (*See id.* [Doc. 16] ¶¶ 24–25.) According to Plaintiff's third cause of action, "[Defendant Rosas] grabbed Plaintiff and dragged her out of the car in retaliation for her speech." (*See id.* [Doc. 16] ¶ 48.)

Assuming true all material allegations of fact in the FAC, Plaintiff's theory that deputies used excessive force in retaliation for her asking for a deputy's identity and badge number is plausible. See Vasquez, 487 F.3d at 1249; Iqbal, 556 U.S. at 678.

Defendants' motion to dismiss the third cause of action will be denied.

### B. Motion to Strike

Defendants move to strike references to unspecified case citations in the FAC. (*See Defs.' Mot.* [Doc. 17-1] 13:21–14:14.) The only case citations in the cited paragraphs in the FAC are to Monell, 436 U.S. at 658. (*FAC* [Doc. 16] ¶¶ 18, 55.) Defendants do not show that these references are "redundant, immaterial, impertinent, or scandalous matter." See Fed. R. Civ. P. 12(f).

The motion to strike will be denied.[3]

### IV. CONCLUSION & ORDER

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. Specifically, Defendants' motion to dismiss Plaintiff's fourth and sixth causes of action is granted with leave to amend. Defendants' motion to dismiss Plaintiff's third and fifth causes of action is denied.

Plaintiffs will have leave to amend the FAC. Plaintiffs must file an amended pleading, if at all, by **Monday, August 1, 2016**.

Defendants' motion to strike is **DENIED**.

**IT IS SO ORDERED.**

Dated: July 15, 2016

Hon. Thomas J. Whelan
United States District Judge

---

[3] The introduction and conclusion sections of Defendant's motion contain references to a request to strike other materials from the FAC. (*Defs.' Mot.* [Doc. 17-1] 1:17–20, 14:20–22.) No further discussion of this material appears in the motion. (*See id.* [Doc. 17-1] 13:21–14:14.) To the extent Defendants move to strike additional material, the motion is also denied for failure to demonstrate that the material in question meets the standard of Rule 12(f).