MARY FRANCES PREVOST, SBN157782
402 West Broadway, Ste. 400
San Diego, California 92101
Tel:    (619) 692-9001
Fax:   (888) 959-3790
Email: Mary@MFPLawyer.com

Attorneys BANA MOUWAKEH

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BANA MOUWAKEH,<br><br>        Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, San Diego Sheriff BILL GORE, San Diego Sheriff's Deputy STEVEN DUNNING, San Diego Sheriff's Deputy AUGUSTIN ROSAS, JR., San Diego Sheriff's Deputy YVAN ROGERS, and DOES 1-10, inclusive,<br>16<br>        Defendants. | Case No.  15CV2372 W (KSC)<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND VIOLATIONS OF CIVIL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

Plaintiff BANA MOUWAKEH hereby file the following First Amended

Complaint for Damages and Violations of her federal Civil Rights against

Defendants COUNTY OF SAN DIEGO, San Diego Sheriff BILL GORE, and

SDSO deputies AUGUSTIN ROSAS, JR., STEVEN DUNNING and YVAN

ROGERS and DOES 1–10, inclusive.

## JURISDICTION AND VENUE

1   This Court has subject matter jurisdiction over Plaintiffs' federal

2   Constitutional claims brought under Title 42 United States Code ("U.S.C.") section

3   1983 under 28 U.S.C. sections 1331, 1343(1), (2), (3), and (4). and 2201.  Venue in

4   this Court is proper because the acts complained of occurred in the County of San

5   Diego, which is located in the Southern District of California.

6   This action at law for money damages arises under Title 42 U.S.C. Section 1983

7   and the United States Constitution, the laws of the State of California and common law

8   principles to redress a deprivation under color of state law of rights, privileges and

9   immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and

10  Fourteenth Amendments of the United States Constitution.

11  **PARTIES**

12  1.      Plaintiff BANA MOUWAKEH is a United States citizen who, at all

13  times relevant to this Complaint, resided in the County of San Diego.

14  2.      Defendant COUNTY OF SAN DIEGO (hereinafter "COUNTY") is a

15  municipal corporation duly organized under the laws of the State of California

16  located in the County of San Diego.  The San Diego Sheriff's Department

17  (hereinafter "SDSO") is the chief law enforcement agency of the COUNTY.

18  3.      At some times relevant to this Complaint, Defendant BILL GORE

19  was the Sheriff of the SDSO and a policy-maker.

20  4.      At all times relevant to this complaint, Defendant STEVEN

21  DUNNING was a deputy Sheriff with the SDSO and an employee of the

22  COUNTY.  At all times mentioned herein, Defendant DUNNING acted under

23  color of authority and pursuant to the course and scope of his employment and/or

24  agency with the COUNTY.

25  5.      At all times relevant to this Complaint, Defendant AUGUSTIN

26  ROSAS, JR. was a deputy Sheriff with the SDSO and an employee of the

27  COUNTY.  At all times mentioned herein, Defendant ROSAS acted under color of

28  authority and pursuant to the course and scope of his employment and/or agency

1 | with the COUNTY.

2 | 6. At all times relevant to this Complaint, Defendant YVAN ROGERS

3 | was deputy Sheriff with SDSO and an employee of the COUNTY.  At all times

4 | mentioned herein, Defendant ROGERS acted under color of authority and pursuant

5 | to the course and scope of his employment and/or agency with the COUNTY.

6 | 7. Defendant DOES 1-10 is unknown individuals, corporations,

7 | municipalities, and/or other legal entities whose true names, identities and

8 | capacities are unknown at this time.

9 | 8. Plaintiff is informed, believes, and thereon alleges, that each of said

10 | fictitiously named DOE Defendants is responsible in some manner for the acts,

11 | omissions, and damages alleged herein.  Plaintiff is unaware of the true names and

12 | capacities of the DOE Defendants, and, therefore, sues these Defendants under

13 | such fictitious names.  Plaintiff is furthermore informed, believes, and thereon

14 | alleges, that each of said fictitiously named Defendants was the agent, servant, and

15 | employee, of each and every other Defendant acting within the course and scope of

16 | his or her agency and employment, and with the knowledge, ratification, and

17 | consent, of each respective principal.  Plaintiff will seek leave to amend this

18 | Complaint when their true names and capacities have been ascertained.

19 | **GOVERNMENT LIABILITY**

20 | 9. Plaintiff alleges that all Defendants carried out the acts complained of

21 | in their individual and official capacities, in the course and scope of their

22 | employment, and under color of law.  All individual Defendants are sued both in

23 | their individual and official capacities.

24 | 10. Regarding all actions and causes of action herein alleged and stated,

25 | all governmental defendants (including all DOE defendants) violated rights held by

26 | Plaintiff that were clearly established and which they had a mandatory duty to

27 | uphold.  No reasonable official similarly situated to any of the Defendants could

28 | have believed that his/her conduct was lawful or within the bounds of reasonable

1   discretion.  All individual Defendants, including all individual DOE Defendants,

2   thus lack immunity from suit or liability.  This extends both to statutorily created

3   immunity and to the judicially created doctrine of "qualified immunity".

4        11.   Defendant CITY is also liable for the violations of Plaintiffs' federal

5   constitutional rights brought under 42 U.S.C. section 1983 based upon Plaintiffs'

6   *Monell* cause of action.  The bases for the CITY's liability in this context include,

7   but are not limited to, the SDSO's supervisors' and policy-makers ratification of

8   the illegal and unconstitutional conduct of their subordinate SDSO officers, and the

9   fact that the violation of Plaintiff's rights was the result of an actual or *de facto*

10  policy that encouraged and/or tolerated the violations of citizens' rights by SDSO

11  officers.  This liability is direct and is based on the causes of action brought against

12  the policy-making Defendants (to wit, current SDSO Chief BLL GORE in said

13  Defendant's official capacity.

14       12.   Plaintiff is informed and believes and, on the basis of such information and

15  belief, alleges that Defendants COUNTY, GORE, and DOES 1-10, with deliberate

16  indifference, gross negligence, and reckless disregard for the safety, security, and

17  constitutional and statutory rights of Plaintiff and all persons similarly situated, maintained,

18  enforced tolerated, permitted, acquiesced in, and applied policies, practices,

19  or customs or, amongst other things:

20            a.   Subjecting citizens to unreasonable and outrageous seizures of
    their persons;

21

22            b.   Selecting, retraining, and assigning deputies with demonstrable
    propensities for excessive force, violence, and other misconduct, failing to deputies who

23  falsely arrest citizens, use excessive force against citizens and/or retaliate against citizens for

24  exercising their First Amendment rights, and even promoting such deputies even after it is

25  discerned they violated the Constitutional rights of citizen creating a substantial risk of

26  serious injury so widespread as to constitute a custom and practice  resulting in deliberate

27  indifference to the risk of harm; Specifically, Sheriff GORE defending an SDSO deputy's

28  use of a Taser on 13-year-old Jeremy Banks; Specifically, taking no action against SDSO

deputies who falsely arrested 61 year-old cancer patient Deborah Little; Specifically, Sheriff GORE denying there was a lack of training of SDSO Deputy Jeffrey Grey who attacked a man with Downs' Syndrome; specifically, Sheriff GORE condoning SDSO Deputy Jeffrey Cruz's beating of a patron of Harrah's California Resort when the man was in handcuffed; specifically, Sheriff GORE condoning the repeated tasering of citizen Marcial Torres to the point he went into cardiac arrest and had to have both legs amputated.  GORE conducted no internal investigation and Deputy Haddad was returned to regular duties; specifically, GORE condoning a false arrest committed by SSDPS Deputy Jason Philpot, which was ultimately dismissed by a judge. Philpot had repeatedly punched the citizen in the face and fractured the eye socket. GORE promoted Philpot to the Sheriff's training division, which instructs deputies on use of force; specifically, that under GORE, use of force complaints were up by 60 % from 2010 while there were no more arrests, indicating a policy of condoning excessive force.

        c.     Failing to adequately train, supervise, and control police officers in the arts of law enforcement;

        d.     Failing to adequately discipline police officers involved in misconduct and, in fact, actively promoting deputies who have engaged in false arrest and excessive force;

        e.     Condoning and encouraging police officers in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

13.     Plaintiff is informed and believes and, on the basis of such information and belief, alleges that Defendants COUNTY and GORE, and DOES 1-10 ordered, authorized, acquiesced in, tolerated, or permitted Defendants DUNNING and ROSAS, ROGERS and DOES 1-10 to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth in the foregoing paragraph and ratified that conduct.

14.     Defendants DUNNING', ROSAS's and ROGERS' conduct alleged herein constitutes a pattern of intimidation, illicit law enforcement behavior, and statutory and

constitutional violations based either on a deliberate plan by Defendants COUNTY, and GORE, and DOES 1-10 or on Defendants COUNTY and GORE, and DOES 1-10, deliberate indifference, gross negligence, or reckless disregard, to the safety, security, and constitutional and statutory violations of Plaintiff and all persons similarly situated.

15.    Plaintiff is informed and believes, and on the basis of such information and belief, alleged that Defendant COUNTY subsequently ratified the acts and related acts of GORE, DUNNING, ROGERS and ROSAS, and DOES 1-10, including the acts that are the subject of this lawsuit, against a number of persons involved in this and other events by, amongst other things, its County officials failing to take any actions in response to being fully informed of the actions of its deputies.

16.    Plaintiff is informed and believes, and based on that on information and belief, alleges that over a number of years San Diego Sheriff's Deputies have engaged in a number of acts of misconduct that have been condoned, ignored, and otherwise permitted to continue by the San Diego Sheriff's Department through its supervisors and Defendant GORE.  Some of these acts have been brought to the attention of the San Diego Board of Supervisors, which consistently had chosen to do nothing about them. Plaintiff is informed and believes and, on the basis of such information and belief, alleges that it is well established that the COUNTY, have no intentions to stop the ongoing misconduct by Sheriff Deputies.

17.    Plaintiff is informed and believes and thereon alleges that each of the Defendants designated as a DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately caused the injuries for the events and happenings referred to, and thereby proximately caused the injuries and damages as herein alleged. The true names and capacities of DOES 1 through 50, inclusive, and each of them, are not now known to Plaintiff who therefore sued said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure §484.

18.    Defendant COUNTY at all times herein mentioned is an agency of Defendant is a "Person" subject to suit within the meaning of 42 U.S.C. §1983 under *Monell v. Department of Social Services* (1978) 436 U.S. 685, 691. Under

California Government Code §815.2 Defendant COUNTY is liable for any and all wrongful acts hereinafter complained of committed by any of the individual officer Defendants.

19.     All defendants are jointly and severally liable for all damages awarded (except punitive damages).  Under California Government Code section 825(a), the CITY is obligated to pay any compensatory damages and costs awarded against their employees.

## GENERAL ALLEGATIONS

20.     On October 11, 2013 defendants ROSAS, ROGERS and DUNNING were conducting speed enforcement stops West San Marcos Boulevard in the City San Marcos.  Defendant ROSAS was training Defendant DUNNING.

21.     Defendant ROSAS claimed to have "visually" calculated Plaintiff's car traveling 70 miles per hour in a 50 miles per hour zone and then claimed to have confirmed with his laser, which he wrote in his official report. In fact, Plaintiff was not traveling at that speed because there was a blockage in the road ahead of her involving another car and two other officers which would have prevented her from traveling at that pace.

22.     Defendant ROSAS stepped into the road and flagged Plaintiff to pull over.  Plaintiff complied. Plaintiff provided her driver's license, registration and proof of insurance to Defendant ROSAS as he requested. Defendant ROSAS told Plaintiff she had been speeding and wrote in his report that he showed Plaintiff his laser, which he never did.  Plaintiff informed Defendant ROSAS that she was not traveling at the rate of speed he alleged, and requested that he provide his full name to her, which he declined to do.

23.     Plaintiff asked Defendant ROSAS several times for his name and badge number,  but he refused to respond to her inquiries. Defendant ROSAS took Plaintiff's identifying information and walked back to his patrol car to write a ticket.

24.     Defendant ROSAS, accompanied by defendants DUNNING and ROGERS returned to Plaintiff's car. Plaintiff had against asked Defendant ROSAS to

1
2
3
4
5
6
7
8

provide his full name and badge number to her, which he declined to do. As Plaintiff reached with her forefinger to uncover Defendant's badge, which was hidden underneath a traffic safety vest, Defendant ROSAS forcefully grabbed Plaintiff's arm and said, "That's it, you're going to jail," leaned his body into her car to unlock and open it from inside, climbed into her car, forcibly grabbed her. Defendant ROGERS grabbed Plaintiff under her armpit and defendants ROSAS and ROGERS together dragged Plaintiff out of her car and dropped her to the ground. Defendant DUNNING immediately handcuffed Plaintiff.  Plaintiff had never actually touched the deputy's vest.

9
10
11
12
13
14
15

25.    During the initial contact with Defendant ROSAS, Plaintiff told him she was disabled, that she had just had knee surgery and was pending hip replacement surgery. The physical attack by defendants ROSAS, ROGERS, and DUNNING re-injured Plaintiff's knee requiring her to put off her hip replacement surgery so her orthopedic doctor could perform surgery on the damage on her knee inflicted by the deputy defendants. Plaintiff's handcuffs were so tight around her wrists that she had numbness in her wrists for many months after the incident.

16
17
18
19
20

26.    Plaintiff was arrested for a violation of California Penal Code sec. 243(b) (Battery on a Peace Officer) and Penal Code sec. 148(a) (Resisting and Delaying and Officer).  Defendant DUNNING wrote the ticket and named Defendant ROSAS as the victim.  Defendant DUNNING did not issue Plaintiff a speeding ticket. There was no probable cause to arrest Plaintiff on speeding, or the Penal Code charges.

21
22
23
24
25
26

27.    Plaintiff was dragged to a patrol car where she was placed in the back seat.  She was taken to the sheriff's substation where she underwent the indignity of being photographed and fingerprinted. Defendants held Plaintiff for nearly three hours. They did not provide her medical treatment, although she complained of severe pain. Three hours after she was falsely arrested, Plaintiff was released on her on her promise to appear in court.

27
28

28.    Defendants ROSAS, DUNNING and ROGERS all drafted reports which contained false descriptions of Plaintiff being agitated and non-compliant with

Defendant ROSAS.  Defendants ROSAS, DUNNING and ROGERS each falsified their reports to state that Plaintiff had reached out and grabbed Defendant ROSAS vest, which she did not do, in order to cover up their false arrest and excessive force perpetrated on Plaintiff.

29.    In November 2013 a criminal complaint was filed by the San Diego District Attorney's office charging Plaintiff with a violation of Penal Code sec. 243(b) and 148(a). The Office of the District Attorney thereafter dismissed all charges against Plaintiff.

## FIRST CAUSE OF ACTION

### 42 U.S.C. § 1983 - Unlawful Seizure, Arrest, and Detention
### (Against Defendants DUNNING, ROSAS and, and DOES 1-25)

30.    Plaintiff hereby incorporates the preceding paragraphs by reference as though each were set forth herein in full.

31.    The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

32.    On October 11, 2013, SDSO deputies ROSAS, DUNNING and ROGERS and DOES 1-10 illegally seized, detained, and arrested Plaintiff without probable cause, reasonable suspicion, and/or a warrant, and used excessive force upon her causing serious injury resulting in surgery.  In so doing, the SDSO deputy Defendants deprived Plaintiff of her constitutional rights under the Fourth Amendment to the United States Constitution.  The injuries sustained by Plaintiff were as a direct result of the widespread refusal to properly train deputies on the proper way to arrest at traffic stops, what force may or may not be used, and even promoting officers who have engaged before in false arrest and excessive force. This created such a substantial risk of serious harm to citizens as stated above that

1   County and GORE created, by the sheer number of events where they took no

2   action to correct the constitutional violations of their deputies, a custom of

3   deliberate indifference to those actions.

4       33.   In committing the acts and omissions alleged herein, the SDSO

5   deputy Defendants acted in the course and scope of their employment, and thereby

6   acted under color of law.  At no time did Plaintiff give valid consent to

7   Defendants' unlawful actions, and the rights Defendants were violating were

8   clearly established.

9       34.   In committing the acts and omissions alleged herein, the SDSO

10   deputy Defendants acted with malice, oppression and fraud.  Accordingly,

11   Plaintiffs are entitled to obtain punitive damages from SDPD Officer Defendants in

12   an amount sufficient to punish and deter such conduct, according to proof at the

13   time of trial.

14   **<u>SECOND CAUSE OF ACTION</u>**

15   **42 U.S.C. § 1983 – Excessive Force**

16   **(Against Defendants ROSAS, DUNNING, ROGERS and DOES 1-10)**

17       35.   Plaintiff hereby incorporates the preceding paragraphs by reference as

18   though each were set forth herein in full.

19       36.   In effectuating their unlawful arrest and/or detention of

20   Plaintiff, defendants ROGERS, ROSAS and DUNNING, and DOES 1-10 used

21   unreasonable and excessive force upon Plaintiff when they grabbed her by her

22   arms, dragged her out of her car and dropped her on the ground, handcuffed her,

23   lifted her off her feet, and dragged her to the patrol car, after they injured her knee

24   and hip preventing her from being able to walk without assistance.

25       37.   Even if the arrest of Plaintiff had been legal, which it was not, the

26   means used by SDSO deputy Defendants to effectuate the arrest constituted

27   excessive force and unreasonable force, thereby violating Plaintiff's clearly

28   established rights under the Fourth and Fourteenth Amendments of United States

10

1    Constitution.

2        38.    In effectuating their unlawful arrest and/or detention of Plaintiff

3    BANA MOUWAKEN on October 11, 2013, SDSO Officer Defendants used

4    unreasonable and excessive force upon Plaintiff when they grabbed her by her

5    arms, dragged her out of her car and dropped her on the ground, handcuffed her,

6    lifted her off her feet, and dragged her to the patrol car, after they injured her knee

7    and hip preventing her from being able to walk without assistance.

8        39.    Even if the arrest of Plaintiff had been legal, which it was not, the

9    means used by SDSO deputy Defendants to effectuate the arrest constituted

10   excessive force and unreasonable force, thereby violating Plaintiff's clearly

11   established rights under the Fourth and Fourteenth Amendments of United States

12   Constitution.

13

14       40.    At no time did Plaintiff give valid consent to any of SDSO deputy

15   defendants' unlawful actions described herein.  Plaintiff further alleges that

16   all defendants acted in the course and scope of their employment with the SDSO,

17   thereby acting under color of law.

18       41.    Plaintiff suffered pain, tenderness, discomfort, and contusions, as a

19   result of being aggressively dragged out of the car and dropped on the asphalt.

20   Additionally, the force used against her when she was dropped on the asphalt was

21   so severe it reinjured a knee that had recently been operated on requiring her to

22   have a second knee surgery to repair damage done by the excessive force.

23   Furthermore, a scheduled hip replacement surgery had to be put off in order to

24   accommodate the emergency knee repair surgery required as a result of the injuries

25   sustained when the Defendant deputies used excessive force. Also, Plaintiff

26   sustained numbing of her hands as a result of the handcuffs being placed too tightly

27   on her wrists.

28       42.    At no time could a reasonable officer in the position of SDSO deputy

First Amended Complaint                                                    15cv2372

Defendants have believed that Plaintiff posed a threat either to the officers or anyone else, nor could a reasonable officer have believed that the amount and degree of force SDSO deputy Defendants employed was reasonably necessary to effectuate an arrest.

43.     As such, the degree of force SDSO Deputy Defendants used against Plaintiff was without probable cause, reasonable grounds, or other justification, thereby violating Plaintiff's dignity and bodily integrity, invading their privacy, and proximately and foreseeably causing them damage, injury, and loss.

44.     Moreover, since no force of any kind was justified, SDSO deputy Defendants' use of any force against Plaintiffs was a *per se* violation of their constitutional rights.

45.     In committing the acts alleged herein, SDSO deputy Defendants acted with malice and oppression.  Plaintiff therefore is entitled to punitive damages against SDSO deputy Defendants in an amount sufficient to punish and deter such conduct, according to proof at the time of trial.

## THIRD CAUSE OF ACTION

### RETALIATION FOR EXERCISE OF FIRST AMENDMENT

### (Against Defendants ROSAS, DUNNING, ROGERS and DOES 1-10)

46.     Plaintiff hereby incorporates the preceding paragraphs by reference as though each were set forth herein in full.

47.     During the time of the initial traffic stop, Plaintiff informed Deputy ROSAS that she had not been speeding, and that she was driving with the flow of traffic.  She also informed him she was disabled, in that she had just had a knee operation and was pending a hip replacement surgery so that it was difficult for her to speed even had she wished to do so.  She repeatedly asked that ROSAS identify himself, as he had no nametag visible, as is mandated by San Diego Sheriff's Department policy and procedures. ROSAS refused to provide his name to her or reveal his hidden nametag, took her license, and walked away to consult with

1   DUNNING and ROGERS.

2   48.    Upon returning to the car, Plaintiff again demanded that ROSAS

3   identify himself, which he repeatedly refused to do. When Plaintiff reached towards

4   ROSAS to uncover his hidden badge, ROSAS grabbed Plaintiff and dragged her out

5   of the car in retaliation for her speech.

6   49.    Those SDSO Officer Defendants named in this cause of action who

7   conspired with, verbally encouraged, and/or aided and abetted, and/or witnessed

8   SDSO Deputy ROSAS and were in a position to stop the violation of Plaintiff's

9   rights but failed to do so are also liable for the violation of Plaintiffs' First

10   Amendment rights.

11   50.    In committing the acts alleged herein, SDPD Officer Defendants acted

12   with malice and oppression.  Plaintiff therefore is entitled to punitive damages

13   against SDSO deputy Defendants in an amount sufficient to punish and deter such

14   conduct, according to proof at the time of trial.

15   **FOURTH CAUSE OF ACTION**

16   ***Monell* Claim  –  42 U.S.C. § 1983**

17   **(Against Defendant COUNTY, San Diego Sheriff BILL GORE and DOE**

18   **SDSO Policy Making Defendants)**

19   51.    Plaintiffs hereby incorporate the preceding paragraphs by reference as

20   though each were set forth herein in full.

21   52.    As set forth herein above, the SDSO deputy Defendants violated a

22   number of Plaintiff's constitutional rights.  These included violations of the Frist,

23   Fourth and Fourteenth Amendments to the Constitution of the United States.

24   These actions by SDPD Officer Defendants were part of a wider pattern and

25   practice that was approved and encouraged by the SDPD.

26   53.    The physical abuse and meritless arrest of citizens such as Plaintiff

27   were consistent with the custom and practice endorsed, promulgated, and/or

28   tolerated by former San Diego Sheriff and all supervisory DOE Defendants with

13

1     final policy-making authority.

2     54.    This custom and practice, and the ratification by the supervisory

3 Defendants with final policy-making authority named herein of the illegal actions

4 performed by rank-and-file SDSO deputies pursuant to this policy, was the moving

5 force behind the SDSO deputy Defendants' violation of Plaintiff's rights that

6 occurred on October 11, 2013.

7     55.    Accordingly, the COUNTY is liable for the deprivation of Plaintiff's

8 constitutional rights by the SDSO deputy Defendants under *Monell v. Department*

9 *of Social Services of the City of New York* (1978) 436 U.S. 658, and its progeny,

10 which hold that a municipal entity may be held liable for violations of

11 Constitutional rights committed by its law enforcement officers if the violation was

12 based on either:   (1) a widespread practice that, although not authorized by written

13 law or express municipal policy, is "so permanent and well settled as to constitute

14 a custom or usage" with the force of law, <u>or,</u> (2) the fact that the illegal and

15 unconstitutional conduct was ratified by an individual with final policy-making

16 authority.

17     56.    Here both bases for municipal liability are present.

18     57.    First, Plaintiff is informed and believes, and thereon allege, that the

19 SDSO had a departmental policy, custom, or practice (which was promulgated,

20 encouraged, and/or tolerated by the Defendants named herein, to wit, SDSO

21 supervisors and those with policy-making authority) of harassing and physically

22 abusing citizens, and arresting them without probable cause in violation of these

23 individual's civil rights.

24     58.    The decision to illegally arrest Plaintiff on October 11, 2013, was part

25 and parcel of the illegal behavior encouraged by Defendant San Diego Sheriff

26 GORE, and all supervisory DOE Defendants with final policy-making authority.

27     59.    Second, when confronted with the illegal arrest of, and excessive

28 force used against Plaintiff, Defendants and all supervisory DOE SDSO

Defendants with final policymaking authority, not only failed to take corrective action, but also ratified the illegal conduct of the SDSO deputy Defendants and other DOE Defendants.

60.    Overall, the pattern and practice of the SDSO and of the individuals with final policymaking authority within it (including, but not limited to, former San Diego Sheriff GORE and all supervisory DOE Defendants with final policy-making authority) was such that there was a permanent and settled culture, policy, and/or practice, which encouraged the false arrest and imprisonment of, and the use of excessive force against, citizens like Plaintiff.  This pattern and practice was a substantial factor in causing the injuries and damages suffered by Plaintiff in the incident alleged herein.

## FIFTH CAUSE OF ACTION

### Failure to Properly Train – Violation of 42 U.S.C. § 1983

### (Against Defendant COUNTY, San Diego Sheriff GORE, and DOE SDSO Policy Making Defendants)

61.    Plaintiff re-alleges all prior paragraphs of this Complaint and incorporate said paragraphs herein by reference.

62.    Defendants, San Diego Sheriff GORE and all supervisory and/or policy-making SDSO DOE Defendants, as a matter of custom, practice, and policy, failed to maintain adequate and proper training as to the Constitutional rights of citizens and arrestees, to prevent the consistent and systematic arrests without probable cause, the use of excessive force, the falsifying of reports, and extra-judicial punishment by SDSO deputies.

63.    Defendants, San Diego Sheriff GORE and all supervisory and/or policy-making SDSO DOE Defendants failed to provide adequate training to their deputies on the requirement that citizens only be arrested based on probable cause or a valid warrant.

64.    Defendants, San Diego Sheriff GORE and all supervisory and/or

1  policy-making SDSO DOE Defendants failed to provide adequate training to their

2  deputies on the appropriate, reasonable, and/or legally permissible amount of force

3  that may be used when effectuating an arrest.

4       65.    Defendants San Diego Sheriff GORE and all supervisory and/or

5  policy-making SDSO DOE Defendants failed to provide adequate training to their

6  deputies on the subject of police reports: to wit, they failed to properly train their

7  offices in the SDSO that officers must file truthful and complete reports that do not

8  contain false statements and/or omissions of material facts.

9       66.    At the time Defendants San Diego Sheriff GORE and all supervisory

10 and/or policy-making SDSO DOE Defendants failed to properly train their

11 subordinate deputies, they knew, or in the exercise or care should have known, that

12 their failure to properly train their deputies was likely to result in citizens of the

13 County of San Diego suffering the exact type of violations of their Constitutional

14 rights which Plaintiff suffered in this case.

15      67.    Therefore, Defendants San Diego Sheriff GORE and all supervisory

16 and/or policy-making SDSO DOE Defendants with deliberate indifference,

17 disregarded a duty to protect the public from official misconduct.

18      68.    The failure by Defendants San Diego Sheriff GORE and all applicable

19 SDPD DOE Defendants, to promulgate or maintain constitutionally adequate

20 training was done with deliberate indifference to the rights of Plaintiff and others in

21 her position.

22      69.    The constitutionally infirm lack of adequate training as to SDSO

23 deputy Defendants, all law enforcement officers, caused Plaintiff to suffer the

24 damages alleged herein.

25      70.    As a result of actions of Defendants San Diego Sheriff GORE and al

26 supervisory and/or policy-making SDSO DOE Defendants and all applicable SDSO

27 DOE Defendants, Plaintiff suffered the physical, economic and psychological

28 injuries alleged herein.

71.    As a direct consequence of the failure of Defendants San Diego Sheriff GORE and all supervisory and/or policy-making SDSO DOE Defendants to properly train their deputies, Plaintiff was falsely arrested, SDSO deputy Defendants used excessive force against her, SDSO deputy Defendants retaliated against Plaintiff for exercising her First Amendment rights, and the SDSO Deputy Defendants named herein filed false and misleading police reports with respect to Plaintiffs.  These acts and omissions by Defendants, and each of them, were a proximate cause of the injuries and damages to Plaintiffs as herein alleged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

(1)    For general and special compensatory damages (including direct, indirect, and emotional damages), presumed damages, and nominal damages, against <u>all</u> Defendants, in an amount to be determined by the trier of fact.

(2)    For punitive and exemplary damages against all defendants except the COUNTY and in an amount to be determined by the trier of fact.

(3)    For past and future medical expenses, in an amount to be determined by the trier of fact;

(4)    For reasonable attorney's fees and costs and expenses of litigation, pursuant to 42 United States Code sections 1983-1988, and any and all other relevant statutory or case law.

(5)    For any and all other relief, including interest and/or injunctive relief, to which Plaintiff may be entitled under law or equity and which this Court may determine is appropriate under the facts of this case.

## DEMAND FOR JURY TRIAL

Plaintiff hereby respectfully request a jury trial on each and every cause of action set forth in her Complaint.

Dated:   March 2, 2016             By:     /s/ Mary Frances Prevost
                                            MARY FRANCES PREVOST
                                            Attorneys for Plaintiff
                                            BANA MOUWAKEH