**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BANA MOUWAKEH,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 15-CV-2372 W (KSC)<br><br>**ORDER:**<br><br>**(1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [DOC. 22]; AND**<br><br>**(2) SUA SPONTE STRIKING REFERENCE TO CONSPIRACY IN PARAGRAPH 49 OF THE SECOND AMENDED COMPLAINT [DOC. 21]** |

Pending before the Court is Defendants' motion to dismiss the Second Amended Complaint ("SAC"). [Doc. 22.] The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons that follow, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss, and **STRIKES** a reference to a conspiracy in paragraph 49 of the SAC. [Doc. 21.]

//
//

## I. BACKGROUND

Plaintiff Bana Mouwakeh filed this action on October 10, 2015. [Doc. 1.] The SAC alleges that during an October 11, 2013 traffic stop, she reached her hand out of her car and towards one of three sheriff's deputies. (*SAC* [Doc. 21] ¶¶ 20, 24–25.) The deputies removed Mouwakeh from the car, took her to the ground, and handcuffed her. (*Id.*) She alleges that she suffered severe injuries and was arrested. (*Id.* [Doc. 21] ¶¶ 25–26.)

The SAC alleges that the deputies retaliated against her for exercising her First Amendment rights (*SAC* [Doc. 21] ¶¶ 46–50), and that they, Sheriff Bill Gore, and their employer the County of San Diego all violated 42 U.S.C. § 1983. (*SAC* [Doc. 21] ¶¶ 30–45, 51–71.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 554 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## III. DISCUSSION

### A. Plaintiff's Fourth Cause of Action—Municipal Liability Generally

Defendants move to dismiss Plaintiff's fourth cause of action on the ground that it does not sufficiently allege that the deputies' actions were the result of municipal policy, as required by Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978). (*Defs.' Mot.* [Doc. 22-1] 3:16–5:8.)

"A municipality may not be held liable under [42 U.S.C. § 1983] solely because it employs a tortfeasor." Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403 (1997) (referencing Monell, 436 U.S. at 689–92). Instead, a plaintiff seeking to establish municipal liability under § 1983 must prove that his or her injury was the result of a municipal policy or custom. Id. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Id. at 403–04.

> In order to establish liability for governmental entities under Monell, a plaintiff must prove "(1) that [the plaintiff] possessed a constitutional right of which [s]he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation."

Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (quoting Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill, 130 F.3d 432, 438 (9th Cir.1997)). "Failure to train may

3

amount to a policy of 'deliberate indifference,' if the need to train was obvious and the failure to do so made a violation of constitutional rights likely." Id. (quoting City of Canton v. Harris, 489 U.S. 378, 390 (1989).

The First Amended Complaint ("FAC")'s fourth cause of action alleged a § 1983 claim pursuant to Monell against municipal defendants without alleging a municipal policy or practice. (*See FAC* [Doc. 16] ¶¶ 51–60.) In its July 15 order, the Court dismissed it with leave to amend. [Doc. 20.] Now, in the SAC, Plaintiff has filed a virtually identical claim to the one previously dismissed. (*SAC* [Doc. 21] ¶¶ 51–60.)

Once again, Plaintiff appears to rely on its incorporation of general allegations to construct a theory of liability—most notably paragraph 12, in the SAC's introduction. Nothing of substance has changed from the FAC. Just as was the case before, the Court can draw no plausible inference that any policy generally alleged in the SAC's introduction was the moving force behind any alleged constitutional violation. See Iqbal, 556 U.S. at 678; Dougherty, 654 F.3d at 900.

As the SAC's fourth cause of action does not state a plausible theory of municipal liability, Defendants' motion to dismiss it will be granted. As noted, Plaintiff had leave to amend this cause of action before and did not avail herself of it. Even so, she will have one final opportunity to plead a viable theory of municipal liability before the Court considers further amendment to be an exercise in futility. See Fed. R. Civ. 15(a)(2) ("The court should freely give leave when justice so requires.").

### B.  Plaintiff's Fifth Cause of Action—Failure to Train

Plaintiff alleges her fourth and fifth causes of action against Sheriff Gore, in both his individual and his official capacities, and also against the County of San Diego. (*SAC* [Doc. 21] ¶¶ 9, 51–71.) As discussed above, the fourth cause of action will be dismissed on another basis. Defendants move to dismiss the claims against the Sheriff on the grounds that Plaintiff has alleged insufficient facts to support a claim against him in an individual capacity, and that her claims against him in an official capacity duplicate those

4

she asserts against the County of San Diego. (*See Defs.' Mot.* [Doc. 22-1] 5:9–8:15.) Plaintiff does not oppose the dismissal of her claims against Sheriff Gore. (*Pl.'s Opp'n* [Doc. 25] 6:26–28.)

As Plaintiff does not oppose the dismissal of her fifth cause of action against Sheriff Gore, the motion to dismiss it will be granted with leave to amend. See Fed. R. Civ. 15(a)(2) ("The court should freely give leave when justice so requires.").

### C. Plaintiff's First and Second Causes of Action—Unlawful Arrest, and Excessive Force

Defendants next move to dismiss Plaintiff's first and second causes of action, for unlawful seizure, arrest, and detention, and for excessive force, respectively. (*Defs.' Mot.* [Doc. 22-1] 8:16–10:24.)

As to the first cause of action, for unlawful arrest, Defendants argue that probable cause existed to arrest Plaintiff for violation of California Penal Code § 243(b), which proscribes battery on a peace officer, and for violation of California Penal Code § 148(a), which proscribes resisting and delaying an officer. (*Defs.' Mot.* [Doc. 22-1] 8:16–9:16.) Assuming true the facts alleged in the SAC and construing them in Plaintiff's favor, as the Court must for the purpose of this motion, Vasquez, 487 F.3d at 1249, one cannot conclude that probable cause existed to arrest Plaintiff for these offenses. As to the battery charge, Plaintiff alleges that she did not physically touch Officer Rosas prior to her arrest—only that she reached towards him during the traffic stop. (*SAC* [Doc. 21] ¶ 24.) This may have been an unwise course of action, but the facts alleged do not rise to the level of battery as defined by California law. Cal. Penal Code § 242 ("A battery is any willful and unlawful use of force or violence upon the person of another."). And based on the facts alleged in the SAC, there is no basis to conclude for the purpose of this motion that probable cause existed to arrest Plaintiff for resisting and delaying an officer in violation of Cal. Penal Code § 148.

As to the second cause of action, Defendants argue that officers used reasonable force in arresting Plaintiff. (*Defs.' Mot.* [Doc. 22-1] 9:17–10:24.) This contradicts Plaintiff's allegations. (*See SAC* [Doc. 21] ¶¶ 24–25.) The SAC alleges that when Plaintiff was argumentative at a traffic stop and reached out of a vehicle toward a deputy with her finger, deputies did her so much harm in effectuating her arrest that she required surgery to repair her knee. (*See id.*) The SAC further alleges that officers then tightened handcuffs around Plaintiff's wrists to the point at which she suffered numbness for months afterward. (*Id.*) The Court must take these factual allegations as true for the purpose of this motion to dismiss. See, e.g., Vasquez, 487 F.3d at 1249. This level of force would not appear reasonable under the circumstances.

Defendants' motion to dismiss Plaintiff's first and second causes of action will be denied.

### D. Plaintiff's Third Cause of Action—First Amendment Retaliation

Defendants next move to dismiss Plaintiff's third cause of action, construing it as a conspiracy claim. (*Defs.' Mot.* [Doc. 22-1] 11–12.) Plaintiff opposes, contending that there is no conspiracy claim in the SAC. (*Pl.'s Opp'n* [Doc. 25] 3:13–14 (arguing that the "alleged conspiracy cause of action . . . does not exist and has not been pleaded").)

Paragraph 49 of the SAC alleges as follows:

> Those SDSO Officer Defendants named in this cause of action who conspired with, verbally encouraged, and /or aided and abetted, and/or witnessed SDSO Deputy ROSAS and were in a position to stop the violation of Plaintiff's rights but failed to do so are also liable for the violation of Plaintiff['s] First Amendment rights.

(*SAC* [Doc. 21] ¶ 49.) This is puzzling because the third cause of action is not captioned as a conspiracy cause of action, and the SAC also alleges that the only three deputies named in this cause of action were all physically involved the incident in question. (*See SAC* [Doc. 21] ¶¶ 24–25, 46–50.)

Defendants have not demonstrated Plaintiff's third cause of action fails without paragraph 49's reference to a conspiracy. Accordingly, their motion to dismiss this cause of action will be denied. Still, as Plaintiff concedes that her third cause of action does not contain a conspiracy claim, the Court will *sua sponte* strike the reference to a conspiracy from paragraph 49 of the SAC. See Fed. R. Civ. P. 12(f) ("The court may strike from a pleading . . . any . . . redundant, immaterial, [or] impertinent . . . matter. The court may act . . . on its own[.]"). Specifically, the Court strikes the phrase, "conspired with," in paragraph 49 of the SAC. Plaintiff will have leave to amend her third cause of action. See Fed. R. Civ. 15(a)(2) ("The court should freely give leave when justice so requires.").

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## IV. CONCLUSION & ORDER

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.

Specifically, Defendants' motion to dismiss Plaintiff's fourth cause of action is granted with leave to amend. This will be Plaintiff's final opportunity to amend this cause of action.

Defendants' motion to dismiss Plaintiff's fifth cause of action against Sheriff Gore is granted with leave to amend.

Defendants' motion to dismiss Plaintiff's first and second causes of action is denied.

Defendants' motion to dismiss Plaintiff's third cause of action is denied.

The Court *sua sponte* **STRIKES** the phrase "conspired with," in paragraph 49 of the SAC.

Plaintiff will have leave to amend the SAC, as discussed above. Plaintiff must file an amended pleading, if at all, by **Tuesday, December 6, 2016**.

**IT IS SO ORDERED.**

Dated: November 22, 2016

Hon. Thomas J. Whelan
United States District Judge